**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Crim No. 06-20050-02-KHV** |
| | ) | |
| **v.** | ) | |
| | ) | **Civil No. 08-2491-KHV** |
| **JOSE J. ALVARADO-VALENCIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On August 20, 2007, the Court sentenced defendant to 280 months in prison.  This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #272) filed October 9, 2008.  For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On March 31, 2006, a grand jury indicted defendant for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (Count 1), possession with intent to distribute cocaine and cocaine base (Counts 2-3, 5, 7), attempt to possess with intent to distribute more than 500 grams of cocaine (Count 4), possession of a firearm by an illegal alien (Count 6), use of a communication facility to facilitate the conspiracy (Count 8), and use and maintenance of a residence for the purpose of distributing cocaine (Count 15).  <u>See</u> <u>Sealed Indictment</u> (Doc. #1).  Without a plea agreement, defendant pled guilty to all counts.  At sentencing, the Court determined that defendant was accountable for at least 50 grams of cocaine base and that he possessed a firearm during the offense. Defendant's total offense level was 39, with a criminal history category I, resulting in a sentencing range of 262 to 327 months.  On August 20, 2007, the Court sentenced defendant to 280 months in

prison.[1]  In doing so, the Court stated as follows:

> In [determining] this sentence, I'm giving substantial weight to the sentencing guidelines because they promote uniformity in sentencing and also taking into account the aggravating and mitigating factors including the defendant's clean criminal history as well as the seriousness of this offense.
>
> And I also believe that a sentence in this range would promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes not only by this defendant, but by others.  So it seems to me this would be a reasonable sentence considering all the factors under Section 3553(a).

Transcript Of Sentencing (Doc. #214) filed December 17, 2007 at 12-13.

On direct appeal, the Tenth Circuit rejected defendant's claim that his sentence was imposed in a procedurally unreasonable manner.  See United States v. Alvarado-Valencia, 274 Fed. Appx. 649 (10th Cir. 2008).  In particular, the Tenth Circuit stated as follows:

> "In sentencing, the district court has a duty under 18 U.S.C. § 3553(c) to show it considered the sentencing factors set forth in § 3553(a)."  United States v. Tindall, 519 F.3d 1057, 1065 (10th Cir. 2008).  See Rita v. United States, --- U.S. ----, 127 S. Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.").  However, the Supreme Court "also made clear that a district judge is not required to give an exhaustive list of reasons."  Tindall, 519 F.3d at 1065.  Indeed, "[a] one-sentence explanation accompanying a within-guidelines sentence-in the absence of the need to address specific § 3553(a) arguments brought to the district court's attention-satisfies the district court's duty to impose a procedurally reasonable sentence."  Id. at 1065; see also United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007) (stating that "Section 3553(c) requires the court to provide only a general statement" in explaining the imposition of a sentence falling within the Guidelines range).
>
> The district court did more than enough in this case to satisfy that standard. Accordingly, the court committed no procedural error in explaining Alvarado-Valencia's sentence.  * * *  Alavarado-Valencia's sentence is procedurally reasonable under any standard.

---

[1]     On July 10, 2008, under 18 U.S.C. § 3582(c)(2) based on the retroactive amendment to the crack cocaine sentencing guidelines, the Court reduced defendant's sentence to 220 months in prison.

Id. at 651 (footnote omitted).

On October 9, 2008, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's Section 2255 motion alleges that (1) his sentence was not reasonable because the advisory guidelines range aggregated drug quantities for both charged and uncharged conduct; (2) his sentence was not reasonable because the advisory guidelines range included a firearms enhancement which was not charged in the indictment; (3) the Court erred by giving substantial weight to the guidelines; (4) his attorney was ineffective for failing to raise these three arguments; (5) his attorney was ineffective in failing to argue that because the guidelines do not include parole, his guidelines sentence is unreasonable; and (6) his attorney was ineffective in failing to argue that he was entitled to a lower sentence because the District of Kansas did not have a fast-track program for illegal aliens.

### Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

### I.     Reasonableness Of Defendant's Sentence (Claims 1 and 2)

A sentence is reviewed for both procedural and substantive reasonableness. United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008). As explained above, the Tenth Circuit held on direct appeal that defendant's sentence is procedurally reasonable. See Alvarado-Valencia, 274 Fed. Appx. at 651. The Court therefore only addresses the substantive reasonableness of the sentence. A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the

circumstances in light of the 18 U.S.C. § 3553(a) factors.  United States v. Haley, 529 F.3d 1308, 1311

(10th Cir. 2008); United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir. 2008).

      Under Section 3553(a), in sentencing a defendant, the Court must consider the following

factors:

     (1)     the nature and circumstances of the offense and the history and characteristics
of the defendant;

     (2)     the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and
to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training,
medical care, or other correctional treatment in the most effective manner;

     (3)     the kinds of sentences available;

     (4)     the kinds of sentence and the sentencing range established for

        (A) the applicable category of offense committed by the applicable category of
defendant as set forth in the guidelines– [issued by the Sentencing Commission]
* * *

     (5)     any pertinent policy statement– [issued by the Sentencing Commission]  * * *;

     (6)     the need to avoid unwarranted sentence disparities among defendants with
similar records who have been found guilty of similar conduct; and

     (7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

      Sentences imposed within the correctly calculated guidelines range may be presumed

reasonable.  Gall v. United States, --- U.S. ----, 128 S. Ct. 586, 597 (2007); Rita v. United States, ---

U.S. ----, 127 S. Ct. 2456, 2462-63 (2007).  A defendant may rebut this presumption by showing that

the Section 3553(a) factors justify a lower sentence.  Haley, 529 F.3d at 1311 (10th Cir. 2008); United

States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).  Because the sentencing judge sees and hears the evidence, makes credibility determinations, and actually crafts guidelines sentences on a daily basis, appellate courts ordinarily defer to the sentencing judge's decision to grant or deny a variance based upon the balancing of Section 3553(a) factors.  Haley, 529 F.3d at 1311; see Gall, 128 S. Ct. at 597-98; Smart, 518 F.3d at 808.  The district court abuses this discretion "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable."  United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008) (internal quotations omitted).

Defendant argues that his guidelines sentencing range was not reasonable because it included drug quantities for both charged and uncharged conduct and included a firearms enhancement which was not charged in the indictment.  The Tenth Circuit has held that any sentence that is properly calculated under the guidelines is entitled to a rebuttable presumption of reasonableness.  Kristl, 437 F.3d at 1054.  Here, the Court treated the guidelines range as advisory, but nevertheless found that a sentence within that range was reasonable based on the remaining factors in Section 3553(a). Defendant has not shown that the Court's decision was arbitrary, capricious, whimsical or manifestly unreasonable.  The Court therefore overrules defendant's first two claims.

Defendant does not challenge the drug amounts or firearm for which the guidelines held him accountable, but he argues that the Court may only consider information related to conduct actually charged in the indictment.  This argument is without merit.  In United States v. Booker, 543 U.S. 220 (2005), which was decided before the Court sentenced defendant, the United States Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Id. at 244; see United States v. Cave,

279 Fed. Appx. 722, 723 (10th Cir. 2008) (defendant's Sixth Amendment right to have jury determine facts beyond a reasonable doubt limited to facts that increase sentence beyond statutory maximum for offense charged) (citing Booker, 543 U.S. at 232 and Blakely v. Washington, 542 U.S. 296, 304-05 (2004)); see also United States v. Heckard, 238 F.3d 1222, 1236 (10th Cir. 2001) (after Apprendi v. New Jersey, 530 U.S. 466 (2000), district court may still ascertain drug quantities by preponderance of evidence if sentence is not above statutory maximum for jury fixed crime). The post-Booker federal sentencing regime permits trial judges to make factual findings by a preponderance of the evidence and rely on those findings in selecting an appropriate sentence in a particular case. See United States v. Rodriguez-Felix, 450 F.3d 1117, 1130 (10th Cir.) (even after Booker, district court calculating guidelines sentencing range "may continue to find facts by a preponderance of the evidence" because court "applies such facts in a discretionary manner"), cert. denied, 127 S. Ct. 420 (2006); Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 875 & 875 n.4 (2007) (every Court of Appeals to address issue held that district court sentencing post-Booker may rely on facts found by judge by preponderance of evidence).

Liberally construed, defendant argues that by including enhancements for uncharged conduct in a guidelines sentence, the Sentencing Commission exceeded its authority under 28 U.S.C. § 994(b)(1). Under 28 U.S.C. § 994(b)(1), "for each category of offense involving each category of defendant," the Sentencing Commission must establish a sentencing range that is consistent with all pertinent provisions of title 18, United States Code." By including enhancements for certain conduct, the Sentencing Commission has merely defined the category of offense for particular categories of defendants. See 28 U.S.C. § 994(b)(1). In addition, the guidelines range is merely advisory and the range is limited by the statutory maximum for each offense. Accordingly, the Sentencing Commission

did not exceed its authority by including enhancements for uncharged conduct in the advisory guidelines range.

## II.     Weight Given To Sentencing Guidelines Range (Claim 3)

Defendant argues that by giving the guidelines range "substantial weight," the Court violated 18 U.S.C. § 3553(a).  The advisory guidelines range is itself one of the Section 3553(a) factors, 18 U.S.C. § 3553(a)(4), and continues to play an integral part in sentencing decisions.  Booker, 125 S. Ct. at 767; United States v. Vaca-Perez, 180 Fed. Appx. 779, 782 (10th Cir. 2006).  Indeed, Booker explicitly directs district courts to "take account of the Guidelines together with other sentencing goals."  125 S. Ct. at 764.  Here, the Court determined that a sentence within the guidelines range was appropriate because the guidelines promote uniformity in sentencing and take into account aggravating and mitigating factors including defendant's clean criminal history and the seriousness of the offense. See Transcript Of Sentencing (Doc. #214) at 12.  The Court did not blindly adhere to the guidelines range, but also considered that a sentence in the guidelines range "would promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes not only by this defendant, but by others" and would be "a reasonable sentence considering all the factors under Section 3553(a)."  See id. at 12-13.  In sum, the Court did not place undue weight on the guidelines range.  See United States v. Musick, No. 05-5563, 2008 WL 4090648, at *25 (6th Cir. Aug. 29, 2008) (district court did not accord unreasonable amount of weight to any factor despite statement that it gave substantial weight to guidelines range); United States v. Hernandez, 518 F.3d 613, 615 (8th Cir. 2008) (no error by giving "substantial weight" to guidelines); United States v. Ayala-Romero, 239 Fed. Appx. 457, 459 (10th Cir. 2007) (sentence procedurally reasonable where judge gave "substantial weight" to guidelines, but analyzed them in light of Section 3553(a) factors); Alvarez v. United States, No. 06-CV-

275-TC, 2006 WL 978714, at *1 (D. Utah Apr. 11, 2006) (in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), any objection to court's statement that it would give substantial weight to sentencing guidelines would have been futile). The Court therefore overrules defendant's motion on this ground.

**III.     Ineffective Assistance Of Counsel (Claims 4-6)**

To establish ineffective assistance of counsel, defendant must show (1) that the performance of counsel was deficient, and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984). To meet the first element, <u>i.e.</u> counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." <u>United States v. Walling</u>, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689; <u>see</u> <u>United States v. Rantz</u>, 862 F.2d 808, 810 (10th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 372 (1993).

A.     <u>Failure To Object To Reasonableness Of Sentence Based On Claims 1-3 (Claim 4)</u>

Defendant argues that his counsel was ineffective for failing to argue that (1) his sentence was unreasonable because the advisory guidelines range aggregated drug quantities for both charged and uncharged conduct; (2) his sentence was unreasonable because the advisory guidelines range included a firearms enhancement which was not charged in the indictment; and (3) the Court erred by giving

substantial weight to the guidelines.  For reasons stated above, each of these arguments lack substantive

merit.  Accordingly, counsel's failure to raise these arguments was not deficient or prejudicial.[2]

      B.    Failure To Object To Lack of Parole System (Claim 5)

Defendant argues that counsel was ineffective in failing to argue that virtually all guideline

sentences are unreasonable because the Sentencing Commission developed the guidelines without the

parole system.  As explained above, sentences imposed within the correctly calculated guidelines range

may be presumed reasonable.  Gall, 128 S. Ct. at 597; Rita, 127 S. Ct. at 2462-63.  In passing the

Sentencing Reform Act of 1984, Congress made a collective judgment that guideline sentences are

more reasonable than the pre-guidelines indeterminate sentencing system which "resulted in serious

disparities among the sentences imposed by federal judges upon similarly situated offenders and in

uncertainty as to an offender's actual date of release by Executive Branch parole officials."  Mistretta

v. United States, 488 U.S. 361, 361 (1989).  In sum, defendant cannot show that counsel's failure to

object to the reasonableness of his sentence because it did not include a parole component was deficient

or prejudicial.

      C.    Failure To Request Departure Because Of Fast-Track Program Disparity (Claim 6)

Defendant argues that counsel was ineffective in failing to request a lower sentence because the

---

[2]      To the extent defendant claims that counsel was ineffective for not arguing that his sentence was procedurally unreasonable, failure to raise this issue was not deficient or prejudicial.  As noted above, the Tenth Circuit held on direct appeal that defendant's sentence was procedurally reasonable.  See Alvarado-Valencia, 274 Fed. Appx. at 651 (defendant's sentence procedurally reasonable under any standard).  Defendant does not assert that his sentence was procedurally unreasonable for reasons beyond those asserted on direct appeal, but in any event, the Court finds that defendant's sentence withstands scrutiny on this ground.  See Gall, 128 S. Ct. at 597 (sentence procedurally unreasonable if district court incorrectly calculates or fails to calculate guidelines sentence, treats guidelines as mandatory, fails to consider Section 3553(a) factors, relies on clearly erroneous facts, or inadequately explains sentence).

District of Kansas does not have a fast-track program for illegal aliens.[3]  The Tenth Circuit has held that any sentencing disparity caused by regional fast-track sentencing programs does not violate 18 U.S.C. § 3553.  See Martinez-Trujillo, 468 F.3d at 1268 (cannot characterize disparity as unwarranted under Section 3553(a)(6) when Congress specifically authorized disparity in PROTECT Act); see also United States v. Castro, 455 F.3d 1249, 1252 (11th Cir. 2006) (disparity does not fall within scope of Section 3553(a)(6) because when Congress directed Sentencing Commission to allow departure for only participating districts, Congress implicitly determined that disparity was warranted).  Based on the Tenth Circuit holding in Martinez-Trujillo, counsel's failure to object to the defendant's sentence based on the lack of a fast-track program in the District of Kansas was not deficient or prejudicial.

## III.   Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no response by the government or evidentiary hearing is required.  See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

---

[3]      The Tenth Circuit has described the fast-track program as follows:

To expedite the handling of large volumes of cases involving persons accused of immigration offenses, certain judicial districts employ fast-track programs.  These programs allow defendants to obtain a downward departure in their offense level under the United States Sentencing Guidelines (USSG) in exchange for pleading guilty and waiving their rights to file certain motions and to appeal.  See United States v. Morales-Chaires, 430 F.3d 1124, 1127 (10th Cir. 2005); U.S.S.G § 5K3.1.  Congress authorized these programs in a provision of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (the PROTECT Act).  See Pub.L. No. 108-21, 117 Stat. 650 (codified in scattered sections of 18, 28, and 42 U.S.C.).  The decision to adopt the program in a district is made by the United States Attorney General and the United States Attorney for the district.  See id. § 401(m)(2)(B), 117 Stat. at 675; Morales-Chaires, 430 F.3d at 1127.

United States v. Martinez-Trujillo, 468 F.3d 1266, 1268 (10th Cir. 2006).

-10-

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate,</u> <u>Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #272) filed October 9, 2008 be and hereby is **OVERRULED**.

Dated this 28th day of October, 2008, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge