**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim No. 06-20050-02-KHV |
| ) | |
| v. ) | |
| ) | Civil No. 08-2491-KHV |
| JOSE J. ALVARADO-VALENCIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On August 20, 2007, the Court sentenced defendant to 280 months in prison. On October 28, 2008, the Court overruled defendant's motion under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #282). This matter is before the Court on defendant's Motion Asking The District Court To Reconsider Defendant's 28.2255 Denial (Doc. #283) filed November 14, 2008. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On March 31, 2006, a grand jury indicted defendant for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (Count 1), possession with intent to distribute cocaine and cocaine base (Counts 2-3, 5, 7), attempt to possess with intent to distribute more than 500 grams of cocaine (Count 4), possession of a firearm by an illegal alien (Count 6), use of a communication facility to facilitate the conspiracy (Count 8), and use and maintenance of a residence for the purpose of distributing cocaine (Count 15). See Sealed Indictment (Doc. #1). Without a plea agreement, defendant pled guilty to all counts. At sentencing, the Court determined that defendant was accountable for at least 50 grams of cocaine base and that he possessed a firearm during the offense. Defendant's total offense level was 39, with a criminal history category I, resulting in a sentencing

range of 262 to 327 months. On August 20, 2007, the Court sentenced defendant to 280 months in prison.[1] In doing so, the Court stated as follows:

> In [determining] this sentence, I'm giving substantial weight to the sentencing guidelines because they promote uniformity in sentencing and also taking into account the aggravating and mitigating factors including the defendant's clean criminal history as well as the seriousness of this offense.
>
> And I also believe that a sentence in this range would promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes not only by this defendant, but by others. So it seems to me this would be a reasonable sentence considering all the factors under Section 3553(a).

Transcript Of Sentencing (Doc. #214) filed December 17, 2007 at 12-13.

On direct appeal, the Tenth Circuit rejected defendant's claim that his sentence was imposed in a procedurally unreasonable manner. See United States v. Alvarado-Valencia, 274 Fed. Appx. 649 (10th Cir. 2008). In particular, the Tenth Circuit stated as follows:

> "In sentencing, the district court has a duty under 18 U.S.C. § 3553(c) to show it has considered the sentencing factors set forth in § 3553(a)." United States v. Tindall, 519 F.3d 1057, 1065 (10th Cir. 2008). See Rita v. United States, --- U.S. ----, 127 S. Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). However, the Supreme Court "also made clear that a district judge is not required to give an exhaustive list of reasons." Tindall, 519 F.3d at 1065. Indeed, "[a] one-sentence explanation accompanying a within-guidelines sentence-in the absence of the need to address specific § 3553(a) arguments brought to the district court's attention-satisfies the district court's duty to impose a procedurally reasonable sentence." Id. at 1065; see also United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007) (stating that "Section 3553(c) requires the court to provide only a general statement" in explaining the imposition of a sentence falling within the Guidelines range).
>
> The district court did more than enough in this case to satisfy that standard. Accordingly, the court committed no procedural error in explaining

---

[1] On July 10, 2008, based on the retroactive amendment to the crack cocaine sentencing guidelines, the Court reduced defendant's sentence to 220 months in prison under 18 U.S.C. § 3582(c)(2).

> Alvarado-Valencia's sentence.  * * *  Alavarado-Valencia's sentence is procedurally reasonable under any standard.

Id. at 651 (footnote omitted).

On October 9, 2008, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's Section 2255 motion alleged that (1) his sentence was not reasonable because the advisory guidelines range aggregated drug quantities for both charged and uncharged conduct; (2) his sentence was not reasonable because the advisory guidelines range included a firearms enhancement which was not charged in the indictment; (3) the Court erred by giving substantial weight to the guidelines; (4) his attorney was ineffective for failing to raise these three arguments; (5) his attorney was ineffective in failing to argue that because the guidelines do not include parole, his guidelines sentence is unreasonable; and (6) his attorney was ineffective in failing to argue that he was entitled to a lower sentence because the District of Kansas did not have a fast-track program for illegal aliens.  On October 28, 2008, the Court overruled defendant's motion.

On November 14, 2008, defendant filed a motion to reconsider.  Defendant argues that (1) the Sentencing Guidelines do not authorize a district court to group drug quantities for both charged and uncharged conduct and (2) the Sentencing Commission lacks authority to enhance a defendant's guideline range for possession of a firearm.

### **Legal Standards**

The Court has discretion whether to grant a motion to reconsider.  See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).  The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.  See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996).  A motion to

reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

## Analysis

### I.   Drug Quantity For Relevant Conduct

Defendant maintains that the Court did not address his argument that the Sentencing Guidelines do not authorize a district court to group drug quantity for unconvicted conduct with drug quantity for convicted conduct. Defendant apparently maintains that because a portion of the relevant conduct guideline, U.S.S.G. § 1B1.3(b)(2), refers to the grouping of counts which require a "conviction," only conduct which results in conviction may be considered in determining his offense level. Defendant ignores that in the case of jointly undertaken criminal activity, the relevant conduct guideline specifically instructs the Court to consider "all reasonable foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). In addition, the Commentary to Section 1B1.3 states as follows:

> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonable foreseeable quantities of contraband that were within the scope of criminal activity that he jointly undertook.

U.S.S.G. § 1B1.3, App. Note 2. The Presentence Investigation Report ("PSIR") notes that defendant is accountable for a number of transactions based on Section 1B1.3. See PSIR ¶ 76. Because defendant

pled guilty to a conspiracy to distribute and possess with intent to distribute cocaine from June of 2004 through December of 2005 and based on the findings in the PSIR, the Court properly considered the cocaine which was involved in jointly undertaken criminal activity during that period.  See United States v. Smith, 929 F.2d 1453, 1459 (10th Cir.) (quantity of drugs not specified in charge properly included in determining base offense if part of "same course of conduct") (quoting U.S.S.G. § 1B1.3, comment at 1.19), cert. denied, 502 U.S. 847 (1991); United States v. Harris, 903 F.2d 770 (10th Cir. 1990) (sentencing court properly considered 801 pounds of marijuana involved in the crime but not charged); United States v. Ware, 897 F.2d 1538, 1542-43 (10th Cir.) (quantities of drugs not alleged in indictment may be used to enhance sentence), cert. denied, 496 U.S. 930 (1990); cf. United States v. Jones, 235 F.3d 1231, 1237 (10th Cir. 2000) (in considering quantity of drugs not charged in indictment, district court cannot sentence defendant beyond statutory maximum).

**II.     Consistency Of Sentencing Guidelines With United States Code**

Under 28 U.S.C. § 994(b)(1), "for each category of offense involving each category of defendant," the Sentencing Commission must establish a sentencing range that is consistent with all pertinent provisions of title 18, United States Code." Defendant first argues that a firearm enhancement for a drug offense is inconsistent with 21 U.S.C. § 841 which does not prohibit possession of a firearm. Section 994(b)(1) prohibits the Sentencing Commission from imposing a guideline range which is inconsistent with the statutory minimum or maximum for an offense, but the Sentencing Commission may take into account factors beyond the specific conduct which defines the substantive offense. Indeed, Section 994(c)(2) directs the Sentencing Commission to consider "the circumstances under which the offense was committed which mitigate or aggravate the seriousness of the offense." 18 U.S.C. § 994(c)(2). By including enhancements for certain conduct such as the possession of firearms,

the Sentencing Commission has merely defined the category of offense for particular categories of defendants. See 28 U.S.C. § 994(b)(1); see also United States v. Jacobs, 44 F.3d 1219, 1227 (3d Cir.) (rejecting argument that Sentencing Commission is to establish guidelines for "substantive offenses only" and may not issue guidelines for sentencing enhancement statutes), cert. denied, 514 U.S. 1101 (1995). In addition, the guideline range is merely advisory and the range is limited by the statutory maximum for each offense. Accordingly, the Sentencing Commission did not exceed its authority by including enhancements for uncharged conduct in the advisory guidelines range.

Defendant also argues that a firearm enhancement for a drug offense under the Controlled Substances Act is inconsistent with 18 U.S.C. § 924(c) which specifies the punishment for the separate crime of possession or use of a firearm in relation to a drug offense. As explained above, Section 994(b)(1) prohibits the Sentencing Commission from imposing a guideline range which is inconsistent with the statutory minimum or maximum for an offense, but the Sentencing Commission may take into account factors beyond the specific conduct which defines the substantive offense – even if those factors also constitute a separate crime. See 18 U.S.C. § 994(c)(2); see also Jacobs, 44 F.3d at 1227 (rejecting argument that Sentencing Commission is to establish guidelines for "substantive offenses only" and may not issue guidelines for sentencing enhancement statutes). Accordingly, the Sentencing Commission did not exceed its authority by including enhancements for uncharged conduct in the advisory guidelines range.[2]

**IT IS THEREFORE ORDERED** that defendant's Motion Asking The District Court To Reconsider Defendant's 28.2255 Denial (Doc. #283) filed November 14, 2008 be and hereby is

---

[2] In any event, defendant pled guilty to a firearms offense, i.e. possession of a firearm by an illegal alien in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2).

-6-

**OVERRULED**.

Dated this 6th day of January, 2009, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge